Robert A. Krause, WSB #5-2824
krause@spencelawyers.com
Elizabeth A. Richards, WSB #6-4249
richards@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 Telephone
(307) 733-5248 Facsimile

Attorneys for Plaintiffs

```
FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 FEB -5  AM 10: 28

STEPHAN HARRIS, CLERK
       CHEYENNE
```

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF WYOMING

| | |
|---|---|
| SHEILA STERKEL and RODNEY STERKEL,<br><br>    Plaintiffs,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY OF AMERICA,<br><br>    Defendant. | Civil No. 19-CV-26-SWS<br><br>**COMPLAINT & JURY DEMAND** |

Plaintiffs, by and through their attorneys, Robert A. Krause and Elizabeth A. Richards, of The Spence Law Firm, LLC, plead and allege their causes of action against Defendant as follows:

### PARTIES

1. Plaintiff Sheila Sterkel is, and at all relevant times was, a resident and domiciliary of Wyoming who is a citizen of Wyoming for the purpose of determining diversity.

2. Plaintiff Rodney Sterkel is, and at all relevant times was, a resident and domiciliary of Wyoming who is a citizen of Wyoming for the purpose of determining diversity. Rodney is, and at all relevant times was, married to Sheila.

3. Defendant The Travelers Indemnity Company of America (Travelers) is a Connecticut corporation with its principal place of business in Hartford, Connecticut. For purpose of determining diversity, Travelers is a citizen of Connecticut.

4. Travelers is a corporation, and as such can only act through its agents, servants, and employees, and it is liable for the acts of its agents, servants, and employees.

**JURISDICTION AND VENUE**

5. The Sterkels incorporate by reference all other paragraphs of this Complaint.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the suit is between citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

7. Travelers is an insurance company authorized to do and doing business in the State of Wyoming.

8. This Court has personal jurisdiction over Travelers because Travelers has purposefully directed its activities at residents of Wyoming, and this action arises out of Travelers' contacts with Wyoming.

9. Pursuant to 28 U.S.C. § 1391(b)(2), proper venue for this action is the United States District Court for the District of Wyoming because a substantial part of the events or omissions giving rise to the claims occurred within the District of Wyoming.

## STATEMENT OF FACTS

10. The Sterkels incorporate by reference all other paragraphs of this Complaint.

11. At the time of the accident at issue in this case, the Sterkels were named insureds under Travelers' Commercial Insurance Policy Number BA-3D658356-14-AGR (the Policy), effective from June 25, 2014, through June 25, 2015. A copy of the Policy is attached as Exhibit A.

12. The Sterkels have complied with all provisions and conditions precedent of the Policy, including by timely paying their premiums, providing notice, and obtaining consent to settle.

13. The Policy includes $500,000.00 of underinsured motorist (UIM) coverage.

14. Prior to the accident at issue in this case, Sheila was an energetic physician assistant working at the Register Cliff Medical Clinic in Guernsey, Wyoming.

15. At about 12:45 on the afternoon of February 11, 2015, Sheila was driving her 2008 GMC Yukon XL Denali (a covered auto under the Policy) in a turning lane on Whalen Street in Guernsey, Wyoming.

16. Sheila had her turn signal on and was preparing to make a left turn into the parking lot of the medical clinic.

17. The weather was clear and the road was dry.

3

18. Nevertheless, Richard Moore crashed his 1997 GMC Suburban into Sheila's vehicle, and pushed it across the oncoming traffic lane and into the parking lot, where it came to rest after hitting a chain link fence.

19. An investigating police officer listed Mr. Moore's actions causing the crash as "Failed to Keep a Proper Lane," and "Speeding."

20. Mr. Moore was negligent, and his negligence was the direct and proximate cause of the crash and the Sterkels' damages.

21. Mr. Moore was completely responsible for the crash. Sheila was not at all comparatively at fault.

22. As a result of the crash, Sheila suffered a traumatic brain injury.

23. The traumatic brain injury has negatively impacted Sheila's work.

24. According to Sheila's supervisor, the crash changed Sheila's abilities and personality, including that she is less able to handle stress, and required more support from other staff members. He described the crash as "life changing" for Sheila.

25. Sheila's work problems may lead to an unwanted and unplanned early retirement.

26. Sheila continues to suffer from anxiety, depression, and debilitating migraine headaches as a result of her injuries.

27. Sheila's injuries have caused marital strife, as well as other disruptions in her personal life.

28. For example, prior to the crash, Sheila enjoyed preparing dinners for large family gatherings.

29. After the crash, the thought of preparing such a meal causes anxiety, and Sheila has trouble even being at large family gatherings.

30. Sheila will need additional therapies and medications to deal with her injuries, including further neuropsychological testing.

31. As a result of the crash, Sheila is at an increased risk for developing a neurodegenerative condition.

32. To date, Sheila's economic damages include over $32,000.00 in medical expenses, and approximately $20,000.00 in lost wages.

33. Rodney has a significant loss of consortium claim, as well.

34. Prior to the crash, Rodney and Sheila had been happily married for almost 40 years.

35. Because of Sheila's anxiety and depression caused by the crash, Sheila and Rodney are experiencing marital problems, problems which may lead to a divorce.

36. Their marital relationship also suffered due to Sheila being short-tempered, and having short-term memory problems, which has negatively impacted their ability to spend time together, with their friends, and their five children and 11 grandchildren.

37. Although Rodney and Sheila are continuing to try to work through their marital problems, the psychological issues caused by Sheila's traumatic brain injury have caused a major strain on their marriage.

38. In short, as a direct and proximate result of the crash, Sheila is no longer able to perform her duties as a wife by providing emotional support, physical

intimacy and guidance to her husband, Rodney, and she is no longer able to provide the care, maintenance, and management of their family home that she previously provided.

39. The nature and character of the relationship between Sheila and Rodney changed as a direct and proximate result of the injuries Sheila sustained in the crash. As a direct and proximate result thereof, Rodney has been deprived of the care, comfort, society, companionship, physical intimacy, physical assistance and consortium of Sheila.

40. The Sterkels promptly advised Travelers of the accident.

41. With Travelers' permission, the Sterkels sought and obtained the full policy limit amount of $50,000 from Mr. Moore's insurer, Erie Insurance.

42. The Sterkels' damages far exceed Mr. Moore's $50,000 policy limits.

43. On June 22, 2018, the Sterkels' counsel submitted a demand with proof of loss and supporting bills to Travelers on behalf of the Sterkels for UIM benefits.

44. The Sterkels' counsel and Travelers subsequently corresponded about the Sterkels' demand for UIM benefits.

45. The Sterkels timely submitted additional records, as requested by Travelers.

46. The Sterkels' claim submission included medical records, medical bills, lost wage information, and detailed descriptions of the Sterkels' non-economic damages.

47. After months of negotiations, Travelers has not yet paid or offered to pay the full amount of the loss covered by the Policy.

48. Travelers failed to fairly evaluate the Sterkels' claim, and failed to make a fair and reasonable settlement offer.

## COUNT ONE
## BREACH OF CONTRACT

49. The Sterkels incorporate by reference all other paragraphs of this Complaint.

50. The Policy is a binding contract between Travelers and the Sterkels.

51. The Policy defines an "uninsured motor vehicle" as a "land motor vehicle . . . [t]hat is an underinsured auto," which is further defined as a "a land motor vehicle . . . for which the sum of all liability bonds or policies at the time of the 'accident' provides at least the amounts required by the applicable law where a covered 'auto' is principally garaged but that sum is less than the Limit of Insurance of this coverage[.]"

52. Mr. Moore's GMC Suburban was covered by a liability policy providing at least the amount required by the law of Wyoming, where Sheila's GMC Yukon is principally garaged, but that amount ($50,000.00) is less than $500,000.00, the limit of the Policy's UIM coverage amount.

53. Mr. Moore's GMC Suburban is an "underinsured motor vehicle," and therefore an "uninsured motor vehicle," under the terms of the Policy.

54. The Policy requires Travelers to pay the Sterkels "all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.' The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident.' The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the 'uninsured motor vehicle.'"

55. Mr. Moore's liability for the Sterkels' damages results from his use of his GMC Suburban.

56. The Sterkels' damages result from the bodily injuries suffered by Sheila in the accident.

57. The Sterkels were legally entitled to recover far more than $50,000.00 from Mr. Moore, and would have done so had Mr. Moore had more insurance or assets.

58. The Sterkels' damages exceed their $500,000.00 policy limit.

59. Travelers materially breached the Policy by failing to timely pay the amount due the Sterkels under the Policy.

60. As a direct and proximate result of Travelers' breach of contract, the Sterkels have been damaged in an amount to be determined at trial.

## COUNT TWO
## BREACH OF THE IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING

61. The Sterkels incorporate by reference all other paragraphs of this Complaint.

62. Every insurance policy contains implied covenants of good faith and fair dealing owed by the insurer to the insured.

63. The Policy contains implied covenants of good faith and fair dealing owed by Travelers to the Sterkels.

64. Travelers owes a duty of good faith and fair dealing to the Sterkels in connection with their claims for UIM benefits under the Policy.

65. The Sterkels were insureds under the Policy, and were entitled to claim UIM benefits directly under the Policy.

8

66. Travelers denied payment of UIM benefits that were owed the Sterkels under the Policy without a reasonable basis for doing so.

67. Travelers' refusal to timely pay the amount due the Sterkels under the Policy was done with knowledge of, or in reckless disregard of, the fact that there was no reasonable basis to deny their claim for UIM benefits.

68. There is no reasonable or fairly debatable basis for Travelers' refusal to pay the full amount of UIM benefits due under the Policy.

69. Travelers' unreasonable acts and bad faith misconduct has caused damages to the Sterkels in an amount to be determined at trial.

70. Alternatively, if the Sterkels are for any reason unable to recover under Count One of this Complaint, then they are entitled to recover their full contract damages under this Count Two.

## COUNT THREE
## ATTORNEYS' FEES & PREJUDGMENT INTEREST

71. The Sterkels incorporate by reference all other paragraphs of this Complaint.

72. Pursuant to Wyo. Stat. Ann. § 26-15-124(c), in any action commenced against an insurance company, if it is determined that the insurance company unreasonably or without cause refused to pay the full amount of the loss covered by the policy, a court may award a reasonable amount as attorneys' fees, and interest at 10% per year.

73. Travelers' refusal to pay the full amount of the loss covered by the Policy was unreasonable or without cause.

74. The Sterkels are thus entitled to an award of attorneys' fees and interest, in addition to an award of the full limits in UIM coverage under the Policy.

9

## DAMAGES

75. The Sterkels incorporate by reference all other paragraphs of this Complaint.

76. As a direct and proximate result of Travelers' breach of contract, breach of the covenant of good faith and fair dealing, and statutory violations, Sheila Sterkel sustained damages entitling her to a monetary award against Travelers for the following elements of damages:

   a. Past and future physical pain and suffering in an amount to be proven at trial;

   b. Past and future emotional pain and suffering in an amount to be proven at trial;

   c. Past and future loss of enjoyment of life in an amount to be proven at trial:

   d. Past and future loss of wages, income and earning capacity in an amount to be proven at trial;

   e. Other past and future pecuniary loss in an amount to be proven at trial;

   f. Past and future medical and related expenses in an amount to be proven at trial; and

   g. Costs of this action, reasonable attorneys' fees, interest at the rate of 10% per year, and any other further relief allowed by law as this Court deems just and proper.

77. As a direct and proximate result of Travelers' breach of contract, breach of the covenant of good faith and fair dealing, and statutory violations, Rodney Sterkel sustained damages entitling him to a monetary award against Travelers for the following elements of damages:

a. Loss of consortium of his wife, Sheila Sterkel, in an amount to be proven at trial; and

b. Costs of this action, reasonable attorneys' fees, interest at the rate of 10% per year, and any other further relief allowed by law as this Court deems just and proper.

WHEREFORE, the Sterkels request that this Court enter judgment against Travelers in an amount supported by the allegations of this Complaint as follows:

1. Judgment against Travelers for general damages in an amount consistent with the allegations contained herein and to be proved at trial;

2. Judgment against Travelers for special damages in an amount consistent with the allegations contained herein and to be proved at trial; and

3. Judgment against Travelers for costs, attorney's fees, prejudgment interest, and such other and further relief as the Court deems just and equitable.

DATED this 4th day of February, 2019.

Robert A. Krause
Elizabeth A. Richards
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290

Attorneys for Plaintiffs

11

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through counsel and pursuant to Federal Rule of Civil Procedure 38, hereby request that this matter be tried to a jury of six and submit the requisite fee herewith.

DATED this 4th day of February, 2019.

*(signature)*
Robert A. Krause